IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIAB QAWASMEH, | § | |
| #56509-177, | § | |
| MOVANT, | § | |
| | § | |
| v. | § | CASE NO. 3:19-CV-2265-B-BK |
| | § | (CRIMINAL 3:17-CR-644-B-1) |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Diab Qawasmeh's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the motion should be **DENIED**.

### I. BACKGROUND

In 2018, Qawasmeh pled guilty to conspiring with intent to distribute a controlled substance and was sentenced to 108 months' imprisonment. Crim. Doc. 40.[1] He did not file a direct appeal, but timely filed this *pro se* § 2255 motion and supporting brief, alleging (1) that his waiver of right to appeal and seek post-conviction relief was not knowing and voluntary; (2) ineffective assistance of counsel; and (3) failure of the Court to adequately balance the sentencing factors under 18 U.S.C. § 3553, specifically the likelihood of his deportation. Doc. 1;

---

[1] All "Crim. Doc." citations refer to the related criminal case: *United States v. Qawasmeh*, No. 3:17-CR-00644-B-1 (N.D. Tex. Sept. 14, 2018).

Doc. 7.  The Government has filed a response opposing § 2255 relief.  Doc. 14.  Qawasmeh did not file a reply.

Upon review, the Court finds that (1) Qawasmeh knowingly and voluntarily waived his right to appeal and otherwise challenge his sentence and conviction; (2) his claim that the Court failed to balance the sentencing factors in his case is thus precluded by his appeal waiver and is also procedurally barred, and (3) Qawasmeh has failed to demonstrate that his counsel was ineffective.

## II. ANALYSIS

Defendants "[i]n all criminal prosecutions . . . shall enjoy the right . . . to have Assistance of Counsel for [their defense]."  U.S. Const. amend. VI.  But to succeed on a claim of ineffective assistance of counsel, a defendant must show that (1) "counsel's performance was deficient. . . " and that (2) such "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Deficient performance under this standard requires the defendant to show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."  *Id.*  To prove prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  In the sentencing context, the movant must demonstrate that the sentence was increased by the deficient performance of defense counsel.  *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

### A. Qawasmeh's Appeal Waiver was Knowing and Voluntary

In his first issue, Qawasmeh contends that his waiver of appeal and right to pursue post-conviction relief under his plea agreement was unknowing, and asserts, *inter alia*, that his

counsel was ineffective for recommending that he agree to the appeal waiver. Doc. 7 at 1. This claim is unsupported and belied by the record, however.

> A defendant may waive his right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary. A defendant must know that he had a right to appeal his sentence and that he was giving up that right. A waiver is both knowing and voluntary if the defendant indicates that he read and understood the agreement and the agreement contains an explicit, unambiguous waiver of appeal. District courts must ascertain that defendants understand provisions in plea agreements waiving the right to appeal.

*United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014) (internal citations and quotation marks omitted).

Qawasmeh's specifically argues his appeal waiver was not knowing and voluntary because he was

> totally reliant on the advice of counsel. . . . [and] it is unfair to presume that from whatever explanation counsel might offer beyond reading the waiver provision, a reasonably educated layperson may be able to discern how little recourse exists to bring a post-conviction challenge.

Doc. 7 at 1. He also argues that counsel was operating under a "conflict of interest" when explaining the waiver since "[i]t is not reasonable to believe that defense counsel would have been able to provide competent and diligent representation to defendant regarding the effectiveness of defense counsel's representation of the defendant." Doc. 7 at 2.

As an initial matter, to the extent Qawasmeh's rather lengthy argument on the subject indicates a belief that his appeal waiver precludes challenges for ineffective assistance of counsel, he is mistaken. Indeed, Qawasmeh specifically reserved the right to raise a claim of ineffective assistance in the appeal waiver provision contained in his plea agreement with the Government:

> The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further

>waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and ( c) *to bring a claim of ineffective assistance of counsel*.

Crim. Doc. 20 at 6 (emphasis added).

In any event, Qawasmeh clearly understood his right to appeal and to challenge his conviction and sentence in post-conviction proceedings, as well as the fact he was giving up those rights. In his written plea agreement Qawasmeh acknowledged that he had "thoroughly reviewed all legal and factual aspects of this case with [his] attorney and [was] fully satisfied with that attorney's legal representation . . . [and had] received from his lawyer explanations satisfactory to [him] concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to [him] other than entering into this agreement." Crim. Doc. 20 at 6. And, as recounted in its entirety *supra*, the plea contained an "explicit, unambiguous waiver of appeal." *Keele*, 755 F.3d at 754.

Moreover, at rearraignment, Qawasmeh confirmed, while under oath and subject to the penalties for perjury, Crim. Doc. 46 at 1, that he signed the plea agreement containing the appeal waiver only after (1) "fully" reading it, (2) "fully" discussing it with his attorney and asking the attorney any questions he had about it, and (3) he was comfortable that he "fully understood everything set out in the plea agreement." Crim. Doc. 46 at 15. Under the very pointed inquiry of the magistrate judge, Qawasmeh also affirmed his understanding that he was giving up his right to appeal and to file any post-conviction challenges except under the limited circumstances set out in the plea agreement, and that he was doing so "voluntarily and of [his] own free will." Crim. Doc. 46 at 18-19.

Qawasmeh's current, self-serving assertions to the contrary are insufficient to overcome his sworn affirmations in open court.  *see Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").  Moreover, his claims that he did not know or understand the appeal rights he was waiving are wholly contradicted by his behavior following rearraignment—Qawasmeh never refuted or even attempted to refute the sworn affirmations he gave at rearraignment during the months-long period before sentencing or at his sentencing hearing, strongly suggesting his lack of veracity now.  Finally, even if for argument sake the Court accepts that counsel was deficient in explaining the appeal waiver, in light of the great care the magistrate judge took in discussing the specific provisions of the waiver and confirming that it was knowing and voluntary, Qawasmeh cannot demonstrate that he suffered any prejudice.

On the record before the Court, Qawasmeh's self-serving argument that his waiver of appeal and right to seek post-conviction relief was unknowing and involuntary is patently frivolous.

### B.  Failure to Object to Sentence Manipulation

Qawasmeh next argues that defense counsel rendered ineffective assistance in failing to "challenge the amount of drugs used to calculate" his sentence.  Doc. 7 at 5.  Specifically, he contends his sentence should have been based on the initial quantity of drugs purchased on March 14, 2016, not the additional amounts he claims were sold at the "urging" and "insistence" of the undercover police officer (UC).  *Id.*  Qawasmeh's sentencing-manipulation claim is without merit and, thus, his ineffective assistance claim also fails.

Contrary to Qawasmeh's assertion, any objection by counsel to the drug-quantity determination would have been futile.  The Presentence Report ("PSR") relied on his admissions

in the factual resume—that he personally participated in the drug transactions with the UC—in determining the advisory guideline range. *Compare* Crim. Doc. 21 at 2-5 *with* Crim. Doc. 31-1 at 4-7. Moreover, as explained *infra*, Qawasmeh's contention that the government engaged in sentencing factor manipulation, because the UC approached him several times to purchase additional drugs from him, is unavailing.

"Sentencing factor manipulation occurs when a 'defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment.'" United States v. Jones, No. 3-01-CV-0050-P, 2001 WL 493171, at *4 (N.D. Tex. May 8, 2001) (citation omitted). The Court of Appeals for the Fifth Circuit has yet to decide whether sentence manipulation or sentence entrapment is a defense, but even if it were accepted, the situation must be one of "true entrapment." United States v. Macedo-Flores, 788 F.3d 181, 187 (5th Cir. 2015). The defendant would have to make a prima facie showing of "(1) lack of disposition to commit the offense and (2) some governmental . . . inducement more substantial than simply providing an opportunity to commit the offense." *Id.* (citation omitted).

Predisposition to commit an offense focuses on whether a defendant "was willing to commit the offense *before first being approached by government agents.*" United States v. Bradfield, 113 F.3d 515, 522 (5th Cir. 1997) (emphasis in original). It is insufficient for a defendant to show that he was merely afforded the opportunity "or the facilities for the commission of the crime . . . ." *Id.* Moreover, inducement can be seen only when "government agents persist in encouraging criminality after a defendant rejects overtures." Macedo-Flores, 788 F.3d at 188 (citation omitted). *See also* Bradfield, 113 F.3d at 523 (finding a "plethora of evidence of government inducement" when informant contacted defendant 18 times to engage him in a drug deal).

Here, Qawasmeh fails to show both his lack of disposition to commit the offense and substantial government inducement. The PSR, as adopted by the Court,[2] confirms that Qawasmeh (1) assured the UC that he could furnish large amounts of drugs and then carried through with his pledge, and (2) later advised a confidential source that he could procure any kind of illicit drug. Crim. Doc. 31-1 at 4-6. Also, Qawasmeh only vaguely discusses his predisposition to commit the offense, claiming that he was "simply an employee at the smoke shop" who saw "an opportunity to make some money." Doc. 7 at 5. Yet, his argument does not carry weight. His assertion that he was "simply an employee" who had never before participated in a drug transaction is wholly inconsistent with his ability to supply the guidelines equivalent of 23,132.47 kilograms of marijuana in controlled substances. Crim. Doc. 31-1 at 8. Moreover, in addressing inducement, Qawasmeh mentions only that he sold the additional drugs at the "urging, insistence of the undercover" agent. Doc. 7 at 5. Again, the record shows otherwise, and notably, Qawasmeh does not claim that he ever rejected any of the agent's propositions. *See Macedo-Flores*, 788 F.3d at 189 (finding no substantial inducement where the detective "simply initiated routine drug deals with [the defendant], who, without hesitation, consummated several purchases in varying amounts," and the detective "never coaxed or persuaded [the defendant] into these drug deals").

On this record, the Court finds that Qawasmeh was a willing participant in the drug transactions. Simply put, he has failed to allege, much less prove, his lack of disposition and substantial government inducement.

Because Qawasmeh's sentence manipulation claim is without merit, his ineffective assistance claim also fails. A failure to pursue a meritless or frivolous claim cannot be the basis

---

[2] *See* Crim. Doc. 41 at 1 (*Statement of Reasons*).

of a successful ineffective assistance of counsel claim "because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

### C. Sentencing-Factor Claim is Waived and Procedurally Barred

Qawasmeh asserts that the Court failed to appropriately consider the § 3553 sentencing factors in determining the appropriate sentence, including the fact of his likely deportation. Doc. 7 at 6–9. The Court does not reach the merits of this claim, however, as it is both waived and procedurally barred. For the reasons detailed *supra*, the Court concludes that Qawasmeh's appeal waiver was knowing and voluntary. Moreover, his sentencing-factor claim does not fall within one of the enumerated exceptions to the knowing and voluntary waiver. Crim. Doc. 20 at 6.

Notwithstanding the foregoing, because Qawasmeh did not present his sentencing-factor claim on direct appeal, the claim is also procedurally barred, absent a showing of cause and prejudice and that he is "actually innocent" of the crime for which he was convicted. *See United States v. Logan,* 135 F.3d 353, 355 (5th Cir. 1998) (*citing United States v. Frady*, 456 U.S. 152, 168 (1982)). Qawasmeh does not offer anything to satisfy the cause-and-actual-prejudice exception necessary to excuse his failure to raise the claim on direct appeal. Indeed, he does not even suggest his actual innocence of the offense of conviction.

### III. EVIDENTIARY HEARING NOT WARRANTED

A § 2255 motion "does not automatically mandate a hearing." *United States v. Hughes,* 635 F.2d 449, 451 (5th Cir. 1981). "When the files and records of a case make manifest the lack of merit of a § 2255 [motion], the trial court is not required to hold an evidentiary hearing." *Hughes*, 635 F.2d at 451. That is the situation here. Qawasmeh's claims are without merit for

reasons supported by the record. Thus, an evidentiary hearing is not required.

## IV. CONCLUSION

Qawasmeh's § 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on March 26, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).